

FILED
JUL 2 5 2012
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

| | |
|---|---|
| **RANDY SOWERS,**<br><br>　　　　　　　Plaintiff,<br>vs.<br><br>**NATIONWIDE MUTUAL INSURANCE COMPANY,** an Ohio corporation,<br><br>　　　　　　　Defendant. | Civil No. 12-_1016_<br><br>**COMPLAINT** |

　　　　Plaintiff, Randy Sowers ("Sowers"), through his attorneys, Barker Wilson Law Firm, LLP, states his cause of action as follows:

## INTRODUCTION

　　　　1.　　Sowers was injured in a pickup/truck collision that occurred on July 8, 2010, while he was employed by Dependable Sanitation of Aberdeen, South Dakota ("Dependable").

　　　　2.　　Nationwide Mutual Insurance Company ("Nationwide"), an Ohio corporation, provided insurance coverage to Dependable at the time of the collision that included underinsured motorist (UIM) coverage for which Sowers qualifies as an insured under the terms of the policy. This action seeks damages for injuries Sowers suffered which are covered under the UIM coverage.

## JURISDICTION / VENUE

　　　　3.　　The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1332 in that the parties to this matter are of diverse citizenship and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

4. Venue in this action is in the District of South Dakota, pursuant to 28 U.S.C. § 1391 as the event giving rise to this claim occurred in this district.

## GENERAL ALLEGATIONS

5. Sowers incorporates paragraphs 1 through 4.

6. On the afternoon of July 8, 2010, Sowers was operating a garbage truck owned by his employer, Dependable, near the Brown County landfill. As he was traveling east on 133rd Street he neared the intersection of 382nd Avenue, traveling within the 55 mph speed limit and obeying all traffic laws and rules of the road.

7. At the same time, Meier was traveling north on 382nd Avenue in his 2009 Chevrolet Silverado pickup, with his young daughters, Stelle and Lydya. Meier failed to obey the stop sign controlling his entry into the intersection of 382nd Avenue with 133rd Street according to the investigative report, incorporated by reference. He was traveling at a speed in excess of 65 miles per hour—at least ten miles an hour over the posted speed limit.

8. Meier struck the Dependable garbage truck driven by Sowers in the left rear wheels at approximately 65 miles an hour, causing the truck to roll onto the driver's side where it slid across the road and into the adjoining ditch.

9. Sowers was ejected through the front windshield, with his body landing approximately 15 feet into the ditch while the truck rolled passed him.

10. Meier was issued citations for disregard of traffic signs or signals and failure to yield to vehicles. He later pled guilty in Brown County Magistrate Court to failure to stop.

11. Sowers was transported to Avera St. Luke's Hospital in Aberdeen, where he was treated for a dislocated and fractured left ankle, a partially severed Achilles tendon to his right

ankle, bruised left lung, contusions, bruises and abrasions. He was hospitalized for five days, followed by nine months of rehabilitative care, and a second surgery in August of 2011.

12. Sowers will suffer permanent affects as a result of his injuries, including pain, suffering, inconvenience, loss of enjoyment of life, and expenses for future medical attention and hospitalization. In addition, Sowers has sustained a loss of past earnings and will incur future loss of earnings and earning capacity.

13. As a result of the damages suffered by Sowers, he made a demand against Meier and his insurance company, North Star Mutual Insurance Company, for Meier's policy limits that were in effect on the date of the collision. The demand to North Star was dated April 7, 2011, incorporated by reference.

14. North Star agreed to tender Meier's policy limits of $100,000 on May 13, 2011. Notice was provided to Nationwide and on April 29, 2011, it advised that it waived its subrogation rights and approved North Star's payment of its policy limits to Sowers. The release executed by Sowers is dated May 9, 2011.

15. As an employee of Dependable at the time of the collision, Sowers is covered under the Nationwide policy issued to Dependable that includes underinsured motorist coverage (UIM).

16. The UIM coverage was in effect on the date and at the time that Sowers sustained his injuries.

17. Under the terms of the Nationwide policy, Nationwide agrees to provide compensation for injuries received by its insureds which are not fully covered under the coverage provided by a party who may have caused injuries/damages to be suffered by an insured.

3

## COUNT ONE – BREACH OF CONTRACT

18. Sowers incorporates paragraphs 1 through 17.

19. The Nationwide underinsured motorist coverage was effective on the date of the collision, July 8, 2010. Under the terms of the policy, Sowers was an "underinsured motorist," who is qualified to make a claim for underinsured coverage under the terms of the policy.

20. The policy of underinsured motorist coverage provides, in part, that Nationwide agrees to pay compensatory damages for bodily injury, which its insured drivers (Sowers) are legally entitled to recover from the owner or operator of any underinsured motor vehicle (Dependable).

21. Due to the extent of his injuries, Sowers is legally entitled to recover under the available policy provided through Nationwide.

22. As a result of Nationwide waiving its subrogation rights and approving North Star's payment of its policy limits to Sowers, Nationwide has waived its right to contest or challenge Meier's liability in causing the July 8, 2010 collision.

23. Sowers has requested compensation for damages suffered as a result of the bodily injuries received in the July 8, 2010 collision. Nationwide has refused his request in whole or in part and it is therefore, in breach of its agreement defined under the terms of its policy issued to Sowers.

24. Sowers has performed all of the conditions precedent which qualify him for coverage under the terms of the policy issued by Nationwide.

25. As a result of Nationwide's refusal to provide fair and reasonable compensation to Sowers under the terms of the underinsured motorist coverage provided under its policy, Sowers has been caused damages in an amount to be determined by a jury.

WHEREFORE, Plaintiff prays for judgment against Nationwide as follows:

(a) Damages under the underinsurance policy available through the Nationwide policy issued to Dependable Sanitation, and therefore, Sowers, as its employee, in an amount to be determined by a jury.

(b) For past and future loss of wages and economic loss.

(c) For past and future medical and rehabilitative expenses.

(d) For general damages in an amount to be determined by a jury.

(e) For attorneys' fees, costs and disbursements, prejudgment and post-judgment interest.

(f) For such other and further relief as the court may deem equitable and just under the circumstances.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Dated this 24th day of July, 2012.

BARKER WILSON LAW FIRM, LLP

By: _____
Kenneth E. Barker
Bradley P. Gordon
Attorneys for Plaintiff
211 Zinnia Drive
P.O. Box 100
Belle Fourche, SD 57717
Tel: (605) 723-8000
Fax: (605) 723-8010